CITY OF RAHWAY, TOWN OF WESTFIELD, ET AL., ORGANIZED IN JOINT MEETING AND KNOWN AS THE "RAHWAY VALLEY" JOINT MEETING, PROSECUTOR, v. FRANK L. CLEARY, JUDGE OF THE UNION COUNTY CIRCUIT COURT, ET AL., RESPONDENTS.

Submitted October 16, 1931—Decided April 13, 1932.

Before Justices TRENCHARD, DALY and DONGES.

For the prosecutor, *Francis V. Dobbins.*

For the defendants, *John Milton* and *Forlenza & Harrington.*

PER CURIAM.

This *certiorari* seeks a review of the action of Circuit Court Judge Cleary, sitting in the Union Circuit Court, in a certain proceeding under "An act concerning arbitration and awards." *Pamph. L.* 1923, *p.* 291.

On September 15th, 1930, a group of municipalities, which had organized in joint meeting as the "Rahway Valley" Joint Meeting, entered into an agreement with the defendant contractors to submit all claims of the contractors growing out of the construction of the Rahway Valley trunk sewer to the

award and determination of certain arbitrators. The arbitrators met on various days and took testimony, and on November 20th, 1930, submitted their award to the joint meeting.

Subsequently, notice was given by the contractors of an application to Judge Cleary, to be made on February 10th, 1931, to confirm the award and to enter judgment. The joint meeting gave notice of an application to Judge Cleary to vacate the award, alleging generally partiality of the arbitrators, improper conduct in the admission of evidence, and lack of authority to determine all of the questions passed upon in the award. Later an additional reason was served, namely, that the agreement did not contain any provision for entering judgment, and therefore none could be entered on the award, and that the arbitrators were not sworn and that the award was irregular in form.

The Circuit Court judge declined to vacate the awards, confirmed the same and ordered judgments to be entered in favor of the parties entitled thereto for the sums awarded.

The first point raised is that the court was without jurisdiction because the parties had not agreed that the award should be made a judgment of court, as provided by section 2 of the act of 1923.

Section 8 of said act provides that at any time within three months any party may apply to any justice or judge to confirm the award, and section 12 provides that, upon confirmation, the judge may order judgment entered in the court in which such judge sits. This proceeding is quite separate from the procedure laid down in the second section. There seems no room for doubt that the Circuit Court judge had jurisdiction to deal with the matter as provided in the several sections of the act.

Point two is that there was evident partiality in the arbitrators or some of them. We find no evidence to support the charge that F. J. Colosey was partial and that he failed to faithfully perform his duties. The judge found to the contrary, and we think he was justified in so finding.

Prosecutor urges that the failure of the arbitrators to be sworn before entering upon the performance of their duties voids the award, and rely upon section 6 of "An act for regulating references and determining controversies by arbitration." 1 *Comp. Stat.*, *p*. 103. However, the act of 1923 is a complete scheme covering the subject-matter, and in section 16 provides that all acts or parts of acts inconsistent therewith are repealed. We conclude that the arbitrators were not required to be sworn under the act of 1923.

It is next urged that the arbitrators failed to give notice of the time and place of hearing. By the arbitration agreement it was provided: "And the parties do agree that the said arbitrators meet at the town hall, Westfield, New Jersey, on October 14th, 1930 next, without further notice; and afterwards, if necessary, at such times and places as they shall appoint." It further appears from the record before us that, on October 16th, 1930, the secretary of the board of arbitrators by letter notified the joint meeting of the sitting of the board pursuant to the agreement.

The next point is that the award was not properly executed. But it appears to be the expression of the judgment of the arbitrators, made after suitable and adequate consultation. *Pintard* v. *Irwin*, 20 *N. J. L.* 497. Further, the award was duly acknowledged by each of the arbitrators as his voluntary act and deed for the uses and purposes therein expressed.

It is claimed that the arbitrators exceeded their authority and considered matters not included in the arbitration agreement. But this appears not to be so, and evidently was so found by the judge of the Circuit Court. The agreement provides: "That the said parties do hereby submit all claims made by the aforesaid contractors in connection with the construction of sections one, two and three of the 'Rahway Valley' trunk sewer," &c. Admittedly, all of the claims passed upon dealt with such work, so that it was squarely within the agreement to submit to arbitration.

The seventh point urged has been dealt with under point two.

We conclude that the reasons urged for setting aside the judgments are without merit.

The respondents moved to dismiss the writ of *certiorari* as being improvidently granted.

By section 15 of the act of 1923 it is provided that "an appeal may be taken from an order confirming, modifying or vacating an award, or from a judgment entered upon an award as from an order or judgment in an action." Ordinarily, where an appeal lies, this court will not review by *certiorari*. *Neubauer* v. *McCutcheon*, 98 *N. J. L.* 94; *Eder* v. *Hudson County Circuit Court*, 104 *Id.* 260.

*Certiorari* is always within the discretion of the court, and may be dismissed whenever it appears to the court that another remedy is available, or the court may, if it is deemed desirable, pass upon the questions submitted therein.

In the instant case, because of pubilc interests involved, we have deemed it advisable to pass upon the merits rather than to deal with the case upon the motion to dismiss.

The judgments under review will be affirmed, with costs.