GOERKE KIRCH HOLDING COMPANY, A CORPORATION, PROSECUTOR IN CERTIORARI, v. UNION COUNTY CIRCUIT COURT, FRANK L. CLEARY, JUDGE OF THE SAID CIRCUIT COURT, AND GOERKE KIRCH COMPANY, A CORPORATION, DEFENDANT IN CERTIORARI.

Decided February 26, 1934.

For the prosecutor, *Abe J. David.*

For the defendant Goerke Kirch Company, *Jacob L. Newman.*

See Court of Errors and Appeals decision in case of *Goerke Kirch Holding Co.* v. *Goerke Kirch Co.,* 116 *N. J. L.* 427.

Argued before and decided by

CASE, J.  The nub of the argument is whether three members of the Elizabeth real estate board in determining the fair market annual rental value of the store premises occupied by the Goerke Kirch Company in Elizabeth acted as appraisers or as arbitrators.  If as appraisers, the prosecutor prevails.  If as arbitrators, a further question is presented.

The Union County Circuit Court, on the motion of Goerke Kirch Company, held that the proceeding was an arbitration, that the committee were in fact a board of arbitrators, and that as arbitrators they were guilty of gross misconduct.  An order was entered vacating the award.  Later, on petition of the Goerke Kirch Company, the same court, acting under the statute entitled "An act concerning arbitration and awards" approved March 21st, 1923 (*Pamph. L.* 1923, *ch.*

134), ordered that three arbitrators be appointed to determine the fair market annual rental of the premises and that they proceed to a hearing in accordance with the statute. Both of these orders are now under review. The prosecutor concedes that if the committee of the Elizabeth real estate board were indeed arbitrators, the order vacating the award was properly made.

For the reasons given by Judge Cleary in his opinion I, too, find that the proceeding before the committee of the Elizabeth real estate board was an arbitration and that the committee acted as a board of arbitrators. This results in the finding that the order vacating the award was properly made.

The remaining question is whether the Circuit Court was justified in making an order directing the parties to proceed to a new arbitration under the 1923 statute. That order was granted on petition of the Goerke Kirch Company and against the opposition of the Goerke Kirch Holding Company. The order does not appoint arbitrators. It directs the Goerke Kirch Holding Company to proceed to an arbitration and directs that three arbitrators be appointed in compliance with the agreement between the parties made January 29th, 1932, and that the arbitrators so to be appointed proceed to a hearing and thereafter file their report. The justification for that order is not apparent either in the agreement of January 29th, 1932, or the supplementary agreement of February 1st, 1932, or in the cited statute.

The prosecutor was not in default under its agreement to arbitrate. It neither failed, neglected or refused to perform. It joined in a submission, appeared and put in its proof. It could do no more. The parties in submitting, on February 18th, 1932, to arbitration fixed March 1st, 1932, as the time for the completion of the appraisal. Both parties, without objection, appeared at, and participated in, numerous hearings conducted by the arbitrators subsequent to that date. By their respective counsel they appeared and made oral summation argument on May 16th, 1932, and thereafter submitted briefs. The award was made on May 25th, 1932. I

consider that the parties had by their acts impliedly extended the time for the making of the award until then. The situation was therefore that the arbitrators were appointed and, having been appointed, qualified and thereafter acted and rendered their findings within the time granted by the parties. Consequently, none of the conditions named within the January 29th, 1932, agreement, upon which application might be made to a court for the appointment of a committee of arbitrators, existed. The provision at the end of section 9 of the statute "where an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators" clearly does not apply because the time for the making of the award had expired long before April 24th, 1933, when the order under review was signed. It seems that the parties were thereupon in position to pursue whatever original remedies they had, as was done in *Burroughs* v. *Thorne*, 5 *N. J. L.* 777. The respondent cites no authority for the making of the order except the provisions in the contract between the parties and the excerpt from section 9 of the statute which I have quoted.

For the reasons given I think that neither the contract nor the statute support the order. It will therefore be set aside.

The determination is without costs.