JOSEPHINE POLOMBO, PLAINTIFF, v. HENRY J. POLOMBO, JR., DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided December 4, 1957.

*Mr. Louis Santorf,* attorney for plaintiff.

*Mr. Theodore D. Rosenberg,* attorney for defendant.

GRIMSHAW, J. S. C.  In this action the plaintiff seeks a judgment establishing a resulting trust in her favor against the interest of the defendant in real property held by the parties as tenants in common.

The parties were married on May 19, 1946.  The defendant had been previously married.  That marriage was terminated by a divorce obtained in the courts of Florida on March 12, 1946.  The parties lived together until April 1, 1952, when they separated.  On July 3, 1953 the Matrimonial Division of this court invalidated the Florida divorce on the ground of fraud.

On September 6, 1947 the property in dispute was purchased, title being taken in the names of the parties as man and wife. Since as it later developed they were not legally married they held title as tenants in common. *Hubatka v. Meyerhofer*, 79 *N. J. L.* 264 (*Sup. Ct.* 1910); *Casini v. Lupone*, 8 *N. J. Super.* 362 (*Ch. Div.* 1950).

Considerable testimony was taken concerning the source of the money used for the initial payment for the deed and for the subsequent payments for upkeep and reduction of liens. As I view the situation a resolution of the conflict in the testimony is unnecessary. It is conceded that since April 1, 1952 all payments for taxes, mortgage interest and amortization and for upkeep of the property were made by the plaintiff. She is entitled to a contribution from the defendant of one-half of the amount paid by her on account of the principal of the mortgage since the separation, and as security is entitled to a lien on the co-tenant's share of the property. *Roll v. Everett*, 73 *N. J. Eq.* 697 (*E. & A.* 1907); *Bien v. Buckholtz*, 113 *N. J. Eq.* 85 (*E. & A.* 1933). But having been in exclusive possession, plaintiff is not entitled to any credit from payments made on account of needful repairs, mortgage interest, taxes and insurance premiums. *Mastbaum v. Mastbaum*, 126 *N. J. Eq.* 366 (*Ch.* 1939); *Platt v. Platt*, 93 *N. J. Eq.* 395 (*Ch.* 1922).

As to the payments made prior to the separation, the situation is different. Plaintiff testified that she paid the consideration for the purchase of the property. Assuming that the testimony is true, plaintiff would ordinarily be entitled to have the payment treated as a loan or advancement to the defendant, with no presumption of a gift arising. *Rayher v. Rayher*, 14 *N. J.* 174 (1953). But where, as here, it clearly appears from the testimony of the plaintiff that she intended by the transaction to make a gift of an interest in the property to the defendant, she may not now disavow that action. *Pieretti v. Seigling*, 134 *N. J. Eq.* 105 (*Ch.* 1943).

So, too, as to the advances for mortgage interest, amortization and taxes, made prior to the separation. They were all

made for the mutual benefit of the parties and no contribution can be had. *Kinkead v. Ryan,* 65 *N. J. Eq.* 726 (*E. & A.* 1903).

The defendant counterclaimed for the specific performance of a contract for the sale of the property, executed by the parties during the pendency of the matrimonial action. That contract provided that the price at which the property was to be sold was to be fixed by arbitrators. A court of equity will not specifically enforce such a contract. *Davila v. United Fruit Co.,* 88 *N. J. Eq.* 602 (*E. & A.* 1917).

Partition was sought in the counterclaim though it was not made one of the issues in the pretrial order. The property cannot be divided. Therefore, a sale offers the only solution of the difficulties in which the parties find themselves.

Judgment accordingly.