75 N.J. Super. 536 (1962)
183 A.2d 496
WASHINGTON CONSTRUCTION CO., INC., PLAINTIFF,
v.
THE UNITED STATES OF AMERICA, ET AL., DEFENDANTS.
HARRISON SUPPLY CO., PLAINTIFF,
v.
GREGMOR CONSTRUCTION CO., INC., ET AL., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided June 26, 1962.
*537 Mr. Herbert S. Alterman for plaintiff Washington Construction Co., Inc.
Mr. Richard A. Levin for intervenor The United States of America (Mr. David M. Satz, Jr., United States Attorney, attorney).
Mr. Alan B. Handler for defendant State of New Jersey (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney).
Mr. Seymour H. Rudenstein for defendant Harrison Supply Co. (Messrs. Mellinger & Rudenstein, attorneys).
COLLESTER, J.S.C.
The plaintiff, Washington Construction Co., Inc., in possession of $3,928.85 due to Gregmor Construction Co., Inc., has moved for a summary judgment on its complaint filed in this cause. It alleges that the United States Treasury Department, Internal Revenue Service, served plaintiff with a notice of levy for any money due from plaintiff to Gregmor Construction Co., Inc.; that Harrison Supply Company has brought a suit against it to recover $2,000 allegedly due as a result of an assignment by Gregmor of said money; that Atlantic Brick Corporation has levied on said money pursuant to a judgment entered against Gregmor, and that the State of New Jersey, Department of Employment Security, has levied on said money pursuant to a judgment entered against Gregmor. The complaint seeks a judgment directing plaintiff to pay said money into court; directing the claimants to interplead *538 their right to such money; restraining said claimants from further legal proceedings against the plaintiff, and discharging plaintiff from all liability upon payment of said money into court. Plaintiff further seeks a payment for counsel fees and costs out of such fund.
This court, on motion, dismissed the United States of America as a party defendant for lack of jurisdiction, and thereafter on motion permitted the United States of America to intervene as a party. The United States of America in its complaint in intervention seeks a judgment that its tax lien be foreclosed against the fund which the plaintiff offers to deposit in court.
The answers filed by defendants and the complaint for intervention of the United States of America do not controvert the right of the plaintiff to interplead.
The sole question is whether an award of counsel fees may be made to plaintiff in an interpleader action where the United States of America is made a party and claims priority to the entire fund under the federal tax lien statutes.
R.R. 4:55-7(b) provides that it is discretionary for the court to make an allowance for a counsel fee to a party when there is a "fund in court." There seems no question but that such an allowance should be granted to an innocent stakeholder in an interpleader suit. See Blut v. Katz, 36 N.J. Super. 185, 189 (App. Div. 1955). Furthermore, in Farley v. Manning, 4 N.J. 571 (1950), our Supreme Court indicated that in an interpleader action where the United States of America had a paramount lien on funds deposited in court, an allowance for a counsel fee under R.R. 4:55-7(b) would be proper. However in Farley the court upheld the denial of such a fee by the trial court on the ground that such an allowance was a matter of discretion with the trial court and there was no abuse of such discretion.
The United States of America takes the position in the case sub judice that no allowance for a counsel fee to the *539 plaintiff stakeholder can be made by this court under R.R. 4:55-7(b), for the reason that the United States of America, upon a determination of the conflicting claims, would be entitled to the whole fund, undiminished by attorneys' fees and costs, should it prevail by establishing the priority of its lien. In making this contention the intervenor relies upon 28 U.S.C.A. § 2412(a) and the rulings of the United States Supreme Court in United States v. Liverpool & London & Globe Insurance Co., 348 U.S. 215, 75 S.Ct. 247, 248, 99 L.Ed. 268 (1957), and United States v. R.F. Ball Construction Co., 239 F.2d 384 (5 Cir. 1956), reversed by the United States Supreme Court per curiam 355 U.S. 587, 78 S.Ct. 442, 2 L.Ed.2d 510 (1958). See also Ford Motor Company v. Hackert Construction Co., 143 F. Supp. 216 (D.N.J. 1956).
In my opinion, the decision by the United States Supreme Court in the Liverpool case did not hold that counsel fees in an interpleader case in a state court could not be granted. I am also of the opinion that the effect of the Liverpool opinion was misconstrued in the Ford Motor Company case. The Liverpool opinion stands for the proposition that costs in such cases should be taxed in accordance with the applicable state law. As stated in American Alliance Insurance Company v. Mitchell, 299 S.W.2d 536, 539 (Mo. Ct. App. Missouri 1957),
"This seems to be in accord with the long established principle announced by the Supreme Court of the United States. That court has many times held that where the sovereign invokes the aid of a court, it must submit to the application of the same principles which govern private suitors. The Paquete Habana, 189 U.S. 453, 23 S.Ct. 593, 47 L.Ed. 900; The Nuestra Senora de Regla, 108 U.S. 92, 2 S.Ct. 287, 27 L.Ed. 662. See also Jones v. Watts, 5 Cir., 142 F.2d 575, 163 A.L.R. 240. Any other rule would be unconscionable, and we look with narrowing eyes upon appellant's attempt to use our courts free from the obligation to abide by the rule which binds other litigants."
The intervenor relies upon the language of 28 U.S.C.A. 2412(a) as statutory authority for its position. This states:
*540 "The United States shall be liable for fees and costs only when such liability is expressly provided for by Act of Congress."
I do not construe this statute to warrant the court in penalizing an innocent stakeholder simply because the United States of America happens to be a party to the litigation.
In American Alliance Insurance Company v. Mitchell, supra, at p. 540, setting forth the language of the court in United States v. Ullman, 115 F. Supp. 211, 215 (E.D. Pa. 1953), the court stated:
"A holding as contended by the Government would engraft by decisional law a preference in favor of the United States not specifically provided for by Congress and unwarranted on equitable principles. That the sum ultimately recovered by the United States might be slightly diminished is of no moment. It is still the property of the defendant. It would be an extremely strained construction of words to describe that slight diminution as costs and attorneys' fees taxed against the United States. I cannot and will not so construe the plain language of the statute. Rather do I believe that this case merits the application of the equitable principles underlying all interpleader actions."
In my opinion, there being a fund in court under R.R. 4:55-7(b), the plaintiff interpleader is entitled to a reasonable allowance for counsel fee and costs to be paid from the fund deposited with this court.
Plaintiff is entitled to the entry of a summary judgment granting the relief sought in the complaint. A counsel fee of $350 will be granted.
A form of judgment will be submitted duly consented to as to form or on notice pursuant to 4:55-1.