88 N.J. Super. 455 (1965)
212 A.2d 683
ALBERT R. KEPPLER, PLAINTIFF-RESPONDENT,
v.
ALBERTA TERHUNE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 12, 1965.
Decided July 29, 1965.
*458 Before Judges GOLDMANN, SULLIVAN and LABRECQUE.
Mr. Edward F. Merrey, Jr. argued the cause for appellant (Messrs. Merrey & Merrey, attorney; Mr. John P. Goceljak, on the brief; Mr. Edward F. Merrey, Jr., of counsel).
Mr. John T. Mooney argued the cause for respondent (Messrs. Hein, Smith & Mooney, attorneys).
The opinion of the court was delivered by LABRECQUE, J.A.D.
Defendant appeals from a judgment of the Chancery Division denying her motion for summary judgment and ordering her to proceed with arbitration to fix the purchase price of certain lands leased to plaintiff with an option to purchase.
*459 Plaintiff is the son-in-law of defendant. On March 25, 1947 defendant and her husband (now deceased) leased to plaintiff for 20 years a tract of land 125 x 100 feet located on Route 4, in the Borough of Fairlawn, Bergen County. The lease contained a provision whereby plaintiff was given the right to purchase the leased premises for the fair market value thereof.
The option clause specifically provided as follows:
"5. The Lessee is hereby given the option to purchase the land hereinbefore described at any time prior to the expiration of the term hereinbefore mentioned for the fair market value of the land at the time he shall exercise said option, but in the event the Lessor and Lessee cannot agree upon a price, then the said land shall be caused to be appraised by a competent real estate expert and if his appraisal should not be satisfactory to both parties, each party shall have the right to choose an Arbitrator, and submit the matter to them for their decision; but in the event said Arbitrators cannot agree, they are to choose a third Arbitrator and the decision of the majority of them shall be conclusive and binding upon both parties hereto; but should the Lessee fail within a period of ninety days thereafter to pay the amount fixed for said land by said Expert or Arbitrators, then his right to purchase said premises shall terminate and become valueless and all interest in the buildings and improvements of said land, after the termination of the period of twenty years aforesaid, shall become the property of the Lessors; otherwise, upon payment of the amount so fixed by the expert or arbitrators, the Lessors for themselves, their heirs and assigns, covenant and agree to convey by Warranty Deed, free and clear of all encumbrances except such encumbrances as may have been caused by the purchaser himself, the demised lands and premises by delivering said Warranty Deed to the Lessee upon payment, in cash or certified check, the amount of the purchase price as fixed.
6. It is further agreed that in the fixing of the value of said land the real estate expert and the Arbitrators are only to consider the land as land and not the value of any building, improvements or business carried thereon."
The leased tract was surrounded by other lands of the lessors which also fronted on Route 4. Plaintiff has been and continues in possession of the leased premises.
On December 3, 1956 defendant and her husband conveyed a ten-foot strip of their land fronting Route 4, including a strip along the lot in question, to the State of New Jersey for highway purposes. On December 4, 1956 plaintiff and his *460 wife joined in executing a quitclaim deed to the State of any interest they had in the strip in question, and on March 26, 1957 plaintiff conveyed to the State his leasehold interest in the portion of the ten-foot strip located within the lines of the leased premises.
On February 18, 1963 plaintiff notified defendant by letter of his intention to exercise his option to purchase. He followed this up with a letter, dated March 1, 1963, in which he made an offer of $12,500 for the tract. Defendant replied through her attorney that:
"We have copies of your letters of February 18 and March 1, 1963 addressed to Mrs. Alberta Terhune regarding Mr. Keppler's option and his exercise thereof. We have reviewed the situation with Mrs. Terhune and have come to the conclusion, and have so advised her, that Mr. Keppler has no option."
Sometime thereafter, and before the filing of the amended complaint, plaintiff caused the land to be appraised and offered the appraisal figure of $25,000. This in turn was rejected by defendant.
Following defendant's initial refusal, and on March 12, 1963, plaintiff instituted suit in the Chancery Division seeking specific performance of the agreement. Defendant's answer alleged that (1) the deeds to the State concluded any rights plaintiff might have possessed under the option; (2) since defendant had conveyed a portion of the leased premises to the State, specific performance was impossible; (3) plaintiff had waived and released his alleged rights under the option; (4) there was no arbitrable issue between the parties, and (5) assuming the existence of an option, plaintiff failed to take the steps required of him as a prerequisite to a suit for specific performance.
Plaintiff moved, unsuccessfully, for summary judgment in his favor. Later he was granted leave to file an amended complaint alleging an additional cause of action under the Arbitration Act, N.J.S. 2A:24-5. A cross-motion by defendant *461 for summary judgment was denied. The trial judge ruled that:
"It is true that specific performance will be denied where a contract contains an arbitration clause and the arbitration as such has not taken place. However, I see no reason why specific performance cannot be granted where arbitration has taken place and a price in fact has been determined by the arbitrators. When this has been determined by those arbitrators, when the subject matter of the amended complaint has fully come to realization, then the price will have been fixed, and absent any extenuating circumstances unknown to me at the moment, once that price is fixed specific performance could absolutely and unequivocally be granted. There is nothing to stand in the way."
The order appealed from is dated January 23, 1964. It denies defendant's motion for summary judgment and orders that defendant appoint an arbitrator within ten days from the date thereof. Upon defendant's failure to do so, plaintiff was authorized to apply for appointment of an arbitrator by the court on behalf of defendant. The notice of appeal is dated January 31, 1964.
No question is raised by the parties as to defendant's standing to prosecute the present appeal. While on its face it appears to be an appeal from an interlocutory order, in effect it amounts to a final disposition of the key issue in the case, i.e., plaintiff's right to arbitration. In any event, in the absence of objection, and in view of the importance of the issues presented, we pass the question and proceed to consideration of the merits. Delaware River and Bay Authority v. International Organization of Masters, Mates & Pilots, 45 N.J. 138 (1965).
Defendant first urges that equity will not decree specific performance of an agreement to have arbitrators appointed to determine the price of land. We disagree.
Arbitration is favored by our courts. Public Utility Construction and Gas Appliance Workers, etc. v. Public Service Elec. & Gas Co., 35 N.J. Super. 414, 419 (App. Div. 1955), certification denied 19 N.J. 333 (1955). The Arbitration Act of 1923, N.J.S. 2A:24-1 et seq., provides a complete *462 scheme covering the subject. City of Rahway v. Cleary, 10 N.J. Misc. 545, 159 A. 813 (Sup. Ct. 1932), affirmed o.b. Rahway Valley Joint Meeting v. Cleary, 109 N.J.L. 348 (E. & A. 1932). The aim of the act is to make an arbitration agreement a binding instrument and to authorize the courts to effectuate it, and hence to compel arbitration in proper situations. Ench Equipment Corp. v. Enkay Foods, Inc., 43 N.J. Super. 500, 503 (App. Div. 1957). By section 1 of the act, provisions in contracts to settle by arbitration controversies arising thereunder are, with certain exceptions not here relevant, valid, enforceable and irrevocable.
An arbitration agreement is to be construed according to the usual methods of contract interpretation whereby a mutual, reasonable and meaningful design is sought from the language used by the parties and maximum effect is given to their intention. Wm. J. Burns etc., Inc. v. N.J. Guards Union, Inc., 64 N.J. Super. 301 (App. Div. 1960). Since submission to arbitration is essentially a contractual matter, the parties are bound only to the extent of their contract and the matters subject to submission to arbitration are restricted to those embraced within the contract. Id.
Where one of the parties fails to perform the agreement to arbitrate, the court is empowered to "direct that the arbitration proceed." Ench Equipment Corp. v. Enkay Foods, Inc., supra, 43 N.J. Super., at p. 503. Where a party fails to avail himself of the procedure provided in the contract for the appointment of an arbitrator, the court may designate and appoint an arbitrator  who thereafter acts with the same force and effect as if specifically named therein. N.J.S. 2A:24-5; Mitchell v. Alfred Hofmann, Inc., 48 N.J. Super. 396, 407 (App. Div. 1958).
Here the agreement in question specifically committed the determination of the fair market value of the leased lands to arbitration and the Chancery Division had jurisdiction to decree specific performance thereof. Ench Equipment Corp. v. Enkay Foods, Inc., supra. See also Gould Storage Battery Corp. v. United Electrical, etc., 137 N.J.L. 522 (Sup. Ct. *463 1948); Public Utility Construction and Gas Appliance Workers, etc. v. Public Service Elec. & Gas Co., supra; Mitchell v. Alfred Hofmann, Inc., supra; Shribman v. Miller, 60 N.J. Super. 182 (Ch. Div. 1960).
None of the cases cited by defendant call for a different result. Davila v. United Fruit Co., 88 N.J. Eq. 602 (E. & A. 1917); Woodruff v. Woodruff, 44 N.J. Eq. 349 (Ch. 1888); Lehigh Valley R.R. Co. v. Andrus, 91 N.J. Eq. 225 (Ch. 1920), affirmed 92 N.J. Eq. 238 (E. & A. 1920), and McKibbin v. Brown, 14 N.J. Eq. 13 (Ch. 1861), affirmed 15 N.J. Eq. 498 (E. & A. 1861), all antedate passage of the Arbitration Act, and represent the common law rule applicable prior thereto. Defendant cites Goerke Kirch Co. v. Goerke Kirch Holding Co., 118 N.J. Eq. 1 (E. & A. 1935), and Polombo v. Polombo, 48 N.J. Super. 13 (Ch. Div. 1957), as authority for her contention that the act did not change the common law rule. We find neither case to be controlling. The decision in Goerke Kirch Holding Co. was limited by its facts. There arbitration had to be carried out by a specific date. Since time was of the essence and the date had passed, the right to compel arbitration had ceased. See Ench Equipment Corp. v. Enkay Foods, Inc., supra, 43 N.J. Super., at p. 503; Public Utility Construction and Gas Appliance Workers v. Public Service Elec. & Gas Co., supra, 35 N.J. Super., at pp. 420-421. Compare Goerke Kirch, etc., Co. v. Union County Circuit Court, 14 N.J. Misc. 624, 185 A. 375 (Sup. Ct. 1934), affirmed 116 N.J.L. 427 (E. & A. 1936). In Polombo v. Polombo, a marital action, the judge of the Chancery Division relied upon Davila v. United Fruit without making reference either to the Arbitration Act or to Goerke Kirch, supra.
Defendant next contends that the determination of the fair market value of the land here involved is not an issue made arbitrable under the statute. In substance, it is contended that the statute refers to the "arbitration of controversies" whereas here the "arbitrators" were called upon to do no more than appraise the property. She submits no New Jersey cases *464 in support of this contention, asserting that the issue is an open one in this State.
However, in Goerke Kirch, etc., Co. v. Union County Circuit Court, supra, 14 N.J. Misc., at pp. 624 et seq., the arbitration agreement called for the determination of the fair annual rental value of the store premises occupied by plaintiff, to be made by three members of the Elizabeth Real Estate Board, and one of the issues involved was whether they were acting as appraisers or as arbitrators. The Union County Circuit Court had held that the proceeding was an arbitration, and had vacated the award for gross misconduct on the part of the arbitrators. A second order had directed the appointment of three new arbitrators to determine the issue. On certiorari the action of the Circuit Court was upheld, the opinion by Justice Case holding:
"For the reasons given by Judge Cleary in his opinion I, too, find that the proceeding before the committee of the Elizabeth Real Estate Board was an arbitration, that the committee acted as a board of arbitrators. This results in a finding that the order vacating the award was properly made."
We accordingly hold that the determination of the fair market value of the tract in question constituted an arbitrable issue cognizable under the act and the trial judge properly directed that the arbitration proceed. Our conclusion in this regard is strengthened by the additional factor that the contract first provides for an appraisal by a "competent real estate expert," and only if his valuation is not satisfactory to both parties does the arbitration clause come into effect. Further, the lease contains a clause permitting the plaintiff to make improvements upon the leased land, which improvements, unless the option was exercised, would become the property of the lessor at the termination of the lease. It would be inequitable indeed to permit defendant, by refusing arbitration, to be thus unjustly enriched at the expense of plaintiff. See Annotation, "Specific performance of contract or option as affected by unexecuted provision for determination *465 of price by arbitrators or appraisers," 167 A.L.R. 727, 732 (1947).
We likewise perceive no merit to defendant's contention that the diminution in area of the tract by reason of the conveyance to the State precludes specific performance. As noted, on December 3, 1956, defendant and her husband had conveyed to the State a strip of land ten feet in width in connection with the widening of Route 4. This strip included the portion in front of the leased premises as well as that in front of the property owned by them on each side thereof. On the following day plaintiff and his wife, together with other children of defendant and their spouses, quitclaimed their interest to the State. Later, plaintiff conveyed his interest in that portion of the ten-foot strip lying between the side lines of the leased premises, the stated purpose of the deed being to release and surrender to the State of New Jersey any interest plaintiff had by virtue of his lease. There is no contention that any consideration flowed to plaintiff from either of these transactions.
Specific performance is a discretionary remedy to be exercised in accordance with equitable principles in view of all the circumstances. Stehr v. Sawyer, 73 N.J. Super. 394, 404 (App. Div. 1962). Ordinarily, when a vendor through his own fault is unable to convey all that he has agreed to, his vendee is entitled to specific performance as to the remainder when it appears that the contract was entered into without his knowledge or notice of the deficiency or defect in his vendor's title. Fidelity Chemical Products Corp. v. Rubino, 1 N.J. Super. 184 (App. Div. 1949). Defendant contends that the conveyances to the State resulted in a reduction of the size of the plot by some 10%, and since it was accomplished with plaintiff's acquiescence, his rights are analogous to those of a vendee who had contracted to buy property knowing that his vendor had defective title to it. In support, she cites Larsen v. Kearney, 110 N.J. Eq. 561 (E. & A. 1932), and Peeler v. Levy, 26 N.J. Eq. 330 (Ch. 1875). In Larsen defendant contracted to convey lands to complainant at a time when complainant *466 knew that defendant could only convey an eight-ninths interest therein. Specific performance was denied for that reason. In Peeler there was an agreement to exchange four tracts of land, title to two of which were not in defendant but in his wife. Specific performance was sought for so many of the tracts as could be conveyed with an abatement as to the remainder. Relief was denied on the ground that at the time of the making of the contract the plaintiff knew that defendant could not perform.
The facts sub judice are not to be equated with those in the cited cases. At the time of the making of the lease defendant and her husband were the sole and unconditional owners of the tract in question. The asserted present inability to convey as agreed was brought about by the subsequent conveyance to the State for which, presumably, defendant and her husband received adequate consideration. Plaintiff's acquiescence in that conveyance, made for defendant's accommodation only, in no wise affected his right to demand specific performance, as to the land remaining, of defendant's agreement to sell.
We come finally to defendant's contention that the lack of mutuality in the option clause precludes specific performance. She argues, in effect, that since the clause in question obligates her to sell but does not oblige the plaintiff to buy, it is unenforceable. We hold otherwise. This contention can be made as to all contracts containing options to purchase. In each such case, even though the purchase price is stipulated in the agreement, there is no obligation on the part of the proposed purchaser until the option is exercised. Such options, while unilateral in form, are specifically enforced in equity because presumably supported by consideration. Thommen v. Smith, 88 N.J. Eq. 476 (Ch. 1918). Upon the exercise of the option they become enforceable. See Schwartz v. Hoffman Foundation, etc., Corp., 139 N.J. Eq. 349 (Ch. 1947).
Here plaintiff exercised the option. He notified defendant, through counsel, of his intention to do so and followed this up with an unqualified cash offer. Later he caused the land to be *467 appraised by a competent real estate expert  as provided in the lease  and made an unconditional offer to purchase at the appraised price of $25,000. Upon defendant's refusal to accept the tendered offer he seeks to have put into operation the alternative procedure provided by the lease. Defendant cites no case which holds specific performance to be unenforceable under such circumstances. The situation here presented somewhat resembles that in Schwartz v. Hoffman Foundation, etc., Corp., supra, where by the terms of the lease the tenant was accorded the option to purchase the leased premises at a sum equal to the amount of any bona fide offer received therefor. As here, the tenant was to have a fixed time to accept or reject the offer. He elected to purchase at the price offered. When a conveyance was refused specific performance was sought and granted.
We find no merit to the remaining points raised.
The order of the Chancery Division denying defendant's motion for summary judgment and directing the appointment of an arbitrator by defendant is accordingly affirmed.