128 N.J. Super. 173 (1974)
319 A.2d 274
ESPEDITO LA STELLA AND JOHN CAFONE, PLAINTIFFS-RESPONDENTS,
v.
GARCIA ESTATES, INC., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 4, 1974.
Decided April 29, 1974.
*175 Before Judges CONFORD, HANDLER and MEANOR.
Mr. Roland R. Formidoni argued the cause for appellant (Messrs. McLaughlin, Abbotts & Cooper, attorneys).
Mr. Robert W. O'Hagan argued the cause for plaintiffs-respondents (Messrs. Stout, O'Hagan & Hertz, attorneys).
The opinion of the court was delivered by MEANOR, J.A.D.
Plaintiffs are tenants of premises owned by defendant upon which a golf course is located. In 1971 plaintiffs sought to exercise the option to renew contained in the lease. Defendant refused to renew on various grounds, and thereafter plaintiffs brought this action to compel renewal. Defendant counterclaimed for possession and also for an order requiring the parties to submit their dispute to arbitration as required by the following clause contained in the lease:
Any dispute arising under this lease shall be settled by arbitration. The Landlord and Tenant shall each choose an arbitrator, and the two arbitrators thus chosen shall select a third arbitrator. The findings and award of the three arbitrators thus chosen shall be final and binding on the parties hereto.
Arbitration was ordered by the court pursuant to the above clause. The arbitrators were not unanimous in their views, finding by a vote of two to one in favor of plaintiffs. The court confirmed the award reached by majority vote. This was error. Unless otherwise agreed by the parties in the terms of the submission to arbitration, there must be an unanimous conclusion by the arbitrators as a prerequisite to judicial confirmation of their award. Factors, Inc. v. Salkind, 5 N.J. 485, 492 (1950). That case involved an arbitration *176 clause essentially the same as the one here. Under these circumstances the judgment confirming the award must be reversed.
It is obvious that the arbitrators in this case have reached an impasse and that there is no possibility of unanimity. This leads to the question of the course to be taken on the remand  a point upon which there is little authority, since it appears in most cases that provision is made in the terms of the submission for a solution in the event the arbitrators fail to be unanimous. See, e.g., the terms of the submission in McKeeby v. Arthur, 7 N.J. 174, 177 (1951).
The analogous authority suggests that where an award is vacated because of lack of unanimity, the court, where such action is not precluded by the terms of the arbitration agreement, may in its discretion direct a rehearing by the same or different arbitrators, or may accept the controversy for judicial resolution. N.J.S.A. 2A:24-8 provides in pertinent part:
The court shall vacate the award in any of the following cases:

* * * * * * * *
d. Where the arbitrators exceeded or so imperfectly executed their powers that a mutual, final and definite award upon the subject matter submitted was not made.
When an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators.
The agreement here contains no time within which the award was to be made. If the essence of the arbitration agreement is that the award be made by a specified date and it is not forthcoming, the agreement to arbitrate will not be enforced and the parties will be left to their judicial remedies. Goerke Kirch Co. v. Goerke Kirch Holding Co., 118 N.J. Eq. 1 (E. & A. 1935); Goerke Kirch Holding Co. v. Union Cty. Circuit Ct., 14 N.J. Misc. 624, 185 A. 375 (Sup. Ct. 1934), aff'd sub. nom. Goerke Kirch Holding Co. v. Goerke Kirch Co., 116 N.J.L. 427 (E. & A. 1936). Also, *177 an arbitration agreement may be waived and upon waiver judicial remedies will be available. McKeeby v. Arthur, supra.
In Public Utility Workers v. Public Service Co., 35 N.J. Super. 414 (App. Div. 1955), certif. den. 19 N.J. 333 (1955), as part of the settlement of a strike it was agreed that a single issue would be arbitrated in accord with the rules of the State Board of Mediation, one of which required decision within 30 days of the close of hearings. This rule was violated and the court vacated the award under N.J.S.A. 2A:24-8(d). Holding that the time specified for the decision was not of the essence of the arbitration agreement, this court ordered resubmission to arbitration under the last paragraph of N.J.S.A. 2A:24-8.
In Ench Equipment Corp. v. Enkay Foods, Inc., 43 N.J. Super. 500 (App. Div. 1957), the arbitrators resigned before reaching a decision. Defendant moved to compel arbitration and plaintiff moved to vacate a prior order compelling arbitration. The trial court granted plaintiff's motion, which had the effect of leaving the parties to their judicial remedies. In reversing, this court pointed out that it was of no moment that the terms of the submission made no provision for resubmission to arbitration in the event the arbitrators failed to make an award. It was held that where arbitrators resign, the court has power to require the matter to be submitted to new arbitrators. Although N.J.S.A. 2A:24-8 was not applicable in Ench since no award had been made, the court's discussion makes it evident that the discretionary power provided by that statute to require a resubmission to arbitration includes the authority to compel the appointment of new arbitrators. 43 N.J. Super. at 504.
Accordingly, it appears to be the general rule that where arbitration fails, if the terms of the submission do not preclude it, a court may, in its discretion, either order the matter resubmitted to arbitration, which includes the power to require the appointment of new arbitrators, or may *178 decline to order resubmission, thus leaving the parties to judicial resolution of the dispute.
Under the circumstances here, we prefer to leave the exercise of this discretion to the trial court, which shall decide on remand whether to order a resubmission before new arbitrators, or whether to accept the controversy as pleaded and decide it judicially.
Reversed and remanded for proceedings not inconsistent with this opinion.