MAURICE SARNER AND LEONARD SARNER, AS STOCK-
HOLDERS OF LINWOOD PARK, INC., SECTIONS 1 TO
13, INCLUSIVE, EACH A CORPORATION OF THE STATE
OF NEW JERSEY, *ET AL.*, PLAINTIFFS-RESPONDENTS,
v. SIDNEY SARNER, INDIVIDUALLY AND AS AN OFFI-
CER AND DIRECTOR OF LINWOOD PARK, INC., SEC-
TIONS 1 TO 13, INCLUSIVE, EACH A CORPORATION OF
THE STATE OF NEW JERSEY, *ET AL.*, DEFENDANTS-
APPELLANTS.

WALTER D. VAN RIPER, *ET AL.*, RESPONDENTS *PRO SE.*

Argued October 22, 1962—Decided November 19, 1962.

464

*Mr. James R. E. Ozias* argued the cause for defendants-appellants (*Messrs. McCarter & English,* attorneys; *Mr. Ozias,* of counsel; *Mr. Robert P. Douglass,* on the brief).

*Mr. Walter D. Van Riper* argued the cause *pro se* and for plaintiffs-respondents (*Messrs. Van Riper & Belmont,* attorneys).

The opinion of the court was delivered by

SCHETTINO, J. This appeal is from an order directing three corporate defendants to pay counsel fees of $25,000 to plaintiffs' attorneys. While the appeal was pending in the Appellate Division, we certified the cause on our own motion.

The services compensated by the award were rendered in an action in which plaintiffs sought the vindication of corporate rights in a stockholders' derivative suit, as well as the establishment of certain personal interests of their own against the individual defendant. Together, the two plaintiffs and the individual defendant constituted 100% of the stockholders of the three defendant corporations.

The trial court entered judgment in favor of plaintiffs as to both aspects of the suit, but the judgment was silent as to the allowance of a counsel fee. An appeal was then taken. The Appellate Division affirmed the trial court with respect to plaintiffs' claims for an accountant's fee and money awards totaling $483,738.77 in favor of the defendant corporations and against the individual defendant, but reversed the judgment insofar as it provided for the appointment of a receiver for the corporations and the accounting of profits in favor of plaintiffs personally. 62 *N. J. Super.* 41 (1960). The Appellate Division remanded for further proceedings to determine the plaintiffs' interest in a partnership, *i.e.*, the personal claims, and also stated (at *page* 61) that the judgment might, for the purposes of enforcement, be amplified to order defendant Sidney Sarner to make the payments to defendant corporations. Costs were disallowed on the appeal but no mention was made of counsel fees.

On October 14, 1960 plaintiffs filed a notice of motion in which they sought an order amplifying the judgment and for the allowance of a counsel fee in the event the motion was denied on the ground that the judgment had been paid or satisfied. By order filed January 19, 1961, the trial court directed Sarner to pay the judgments to the defendant corporations while the application for counsel fees was not determined undoubtedly because the need for further services was recognized. On April 12, 1961 plaintiffs obtained an order directing Sidney Sarner to show cause why he should not be adjudged in contempt of court for his alleged failure to make the payments required of him in said order. An order of dismissal was thereafter entered because defendant had made the payments.

On May 9, 1961 plaintiffs in effect renewed a notice of motion for counsel fees. Oral argument on the motion was heard on June 30, 1961. Additionally, the trial court had the benefit of memoranda of law submitted by both counsel and plaintiffs' affidavit of services rendered by their attorney. By letter dated October 5, 1961, the trial court awarded the

counsel fees. No findings of fact were stated therein with respect to the allowance. An order was made on November 30, 1961.

On this appeal, appellants argue that there was no "fund in court" warranting an allowance of a counsel fee because plaintiffs combined an action to establish their own personal interests with a class action, and all members of the class were party litigants so that no one other than the litigants benefited from the class action. Additionally, appellants argue that it was not proper for the trial court to allow a counsel fee by separate order made after the determination of several matters when the judgment and orders determining these matters did not indicate an allowance, and that if an allowance of a counsel fee was proper for services rendered in connection with the class action, the trial court did not have sufficient information on which to base or calculate a reasonable allowance.

## I.

We first consider the "fund in court" argument. *R. R.* 4:55–7 provides in part: "No fee for legal services shall be allowed in the taxed costs or otherwise, except: * * * (b) Out of a fund in court. The court in its discretion may make an allowance out of such a fund * * *." The spirit of *R. R.* 4:55–7 is that each litigant should bear his own cost of litigation. In *Liberty Title & Trust Co. v. Plews,* 6 *N. J.* 28, 44 (1950), the late Chief Justice Vanderbilt stated: "In * * * [*R. R.* 4:55–7] this court has specifically enumerated the types of actions in which allowances to counsel may be made, and the discretion of the trial court is limited to the granting or denying of allowances in such actions." *Cf. Westinghouse Electric Corp. v. Local No.* 499, 23 *N. J.* 170 (1957).

The term "fund in court" is one of art. It is applied where plaintiff's actions have created, preserved or increased property to the benefit of a class of which he is a member. *Sunset Beach Amusement Corp. v. Belk,* 33 *N. J.* 162 (1960),

at *pages* 168–69. See generally, Hornstein, "The Counsel Fee in Stockholder's Derivative Suits," 39 *Colum. L. Rev.* 784 (1939); Note, "Allowance of Attorney's Fees From a Fund in Court," 35 *Colum. L. Rev.* 740 (1935).

██  The problem of properly defining this term was succinctly stated by Chief Justice Weintraub in *Sunset Beach Amusement Corp. v. Belk, supra,* 33 *N. J.,* at *page* 168 :

> " 'Fund in court' is not too happy a term. It is a shorthand expression intended to embrace certain situations in which equitably allowances should be made and can be made consistently with the policy of the rule that each litigant shall bear his own costs. The difficulty with the term is that literally it may connote a fund within the precincts of the court in a physical or geographic sense whereas 'in court' refers to the jurisdictional authority of the court to deal with the subject matter."

Thus, it is not necessary that the fund be actually and physically in court; it is sufficient if, as a result of plaintiffs' action, the fund is brought within the control of the court. *Leeds & Lippincott Co. v. Nevius,* 30 *N. J.* 281, 288–289 (1959); *Cintas v. American Car & Foundry Co.,* 133 *N. J. Eq.* 301, 304 *(Ch.* 1943), modified and affirmed, 135 *N. J. Eq.* 305 *(E. & A.* 1944).

In his *Sunset Beach* opinion the Chief Justice cautioned (at *page* 168 of 33 *N. J.*), however, that "the existence of power in the court to control the subject matter is not itself enough to demonstrate the existence of a 'fund in court' within the purpose of the rule. *Haines v. Burlington County Bridge Comm.,* 8 *N. J.* 539, 542 (1952)." Rather, the fund's existence is determined by the underlying equitable principles, some of which were noted (at *pages* 168–169) :

> "In general, allowances are payable from a 'fund' when it would be unfair to saddle the full cost upon the litigant for the reason that the litigant is doing more than merely advancing his own interests. Thus, for example, when there are classes of claimants to the fund and the services redound to the benefit of others as well, it is fair that all contribute to the cost by a charge against the subject matter.  *  *  *
> Where the litigant creates a fund which will benefit others, again it is just that the fund be charged. Included are actions by a stock-

holder on behalf of the corporation to recover assets diverted or withheld from it."

Thus, when litigants through court intercession create, protect or increase a fund for the benefit of a class of which they are members, in good conscience the cost of the proceedings should be visited in proper proportion upon all such assets. A benefit to all should carry with it a proper charge to all. *Cintas v. American Car & Foundry Co., supra,* 133 *N. J. Eq.* at *page* 305.

Clearly, plaintiffs' litigation benefited the three defendant corporations to the following extent: (1) $186,588.62 in favor of Linwood Park Business Center, Inc., against Sidney Sarner, individually and trading as Sarner Management Co.; (2) $157,547.00 in favor of Linwood Park Business Center, Inc., Section 1, against the same defendant; and (3) $139,-603.15 in favor of Teaneck Gardens, Inc., against the same defendant. Therefore, to allow an award of counsel fees in this litigation would not violate the spirit of *R. R.* 4:55–7. Here, we find a fund in court and an award of counsel fees is proper.

Appellants also argue that the award of counsel fees is not justified because plaintiffs constituted two of the three stockholders with defendant Sidney Sarner, the remaining stockholder, with each individual plaintiff owning 10% of the stock and with Sidney Sarner owning 80%. We are not impressed by this argument. The court's judgment sustained plaintiffs' actions, and it follows that the corporations should have brought the action and would have paid counsel fees to their attorneys had they done so. By not having brought the action, they in effect compelled plaintiffs to do so, and it is only equitable that plaintiffs be reimbursed for expenses including counsel fees. Hornstein, *supra,* 39 *Colum. L. Rev.,* at *page* 790. Since the results benefited the corporations, their creditors and all stockholders as such, the burden of the litigation should be paid out of the treasuries of the three corporations which profited.

We conclude that plaintiffs are entitled to counsel fees.

## II.

Appellants further argue that, assuming an award of counsel fees was proper, the trial court by its separate order. awarding fees subsequent to the original judgment of September 28, 1959, violated *R. R.* 4:55–8, entitled "Prohibiting Separate Orders for Allowances of Fees," which states:

"If on the determination of a matter an allowance is made for legal services, the judgment or order stating the determination shall include the allowance."

They argue that this Rule was adopted in 1949 "for the express purpose of preventing multiple appeals in the same case." Schnitzer, "Civil Practice and Procedure," 10 *Rutgers L. Rev.* 351, 361 (1955).

Appellants' counsel raised this point in the oral argument of June 30, 1961, on plaintiffs' application for counsel fees. The letter opinion of the trial court awarding counsel fees makes no reference to the issue of the timeliness of plaintiffs' application. We can only conclude that the trial judge considered the applicability of *R. R.* 4:55–8 and by his award impliedly decided that this was an appropriate case for relaxation of the rule. *Cf. Applestein v. United Board & Carton Corp.*, 35 *N. J.* 343, 355 (1961). We find nothing in the record to indicate that the trial court abused its discretion in this regard.

## III.

Another point raised by appellants is that, although a counsel fee may, in the proper circumstances, be awarded with respect to a class action, no counsel fee is allowable with respect to the enforcement of the litigant's personal rights, citing *De Bow v. Lakewood Hotel & Land Ass'n*, 52 *N. J. Super.* 288, 298 (*App. Div.* 1958); *Lipin v. Ziff*, 53 *N. J. Super.* 443, 446 (*Ch. Div.* 1959). They contend that the part of this case purely personal to plaintiffs was a major part of this litigation as illustrated by the complaint, pretrial order

and the opinion of the Appellate Division, and that plaintiffs'
affidavit of services is such as to make it impossible to deter-
mine whether the services recited therein were relative to the
derivative cause of action or the individual causes of action.
In oral argument on June 30, 1961, appellants' counsel
brought these deficiencies of proof of services rendered to the
attention of the trial court.

To support the allowance of a counsel fee there must be
sufficient information in the record to inform the trial court
when the services were rendered and what services were
rendered. *State v. Republic Steel Corp.*, 47 *N. J. Super.* 248,
252 (*App. Div.* 1957). Thus, bearing in mind the unique
nature of this mixed litigation, the trial court should have
required a more definitive affidavit or other proofs. Moreover,
its failure to make findings, especially after oral arguments
addressed to the ambiguous proofs, makes it impossible for us
to pass upon the allowance. The cause will be remanded for
fuller and more detailed proofs of the services of counsel for
which compensation may properly be awarded. *Cf. Barr v.
Borough of Belmar*, 118 *N. J. Eq.* 279 (*E. & A.* 1935); *In
re Bloomer's Estate*, 37 *N. J. Super.* 85, 94 (*App. Div.* 1955).

## IV.

Appellants further contend the trial court erred in
allowing counsel fees for services before the Appellate Divi-
sion, urging that that court alone can deal with the subject
and further that the denial of "costs" by the Appellate
Division on the appeal to it included a denial of counsel fees.
We agree that the application for services in the Appellate
Division must be made to it, *United States Pipe & Foundry
Co. v. United Steelworkers of America*, 37 *N. J.* 343, 357 n. 1
(1962), and upon such application that court then may deter-
mine whether its prior denial of costs was intended to bar
counsel fees.

The cause is remanded for action not inconsistent with
this opinion. No costs and no counsel fees are awarded on
this appeal.

*For reversal and remandment*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For affirmance*—None.