SAMUEL E. OUGHTON AND JEANNETTA W. KEYSER, PLAIN-
TIFFS-RESPONDENTS, v. BOARD OF FIRE COMMISSIONERS,
FIRE DISTRICT NO. 1, MOORESTOWN TOWNSHIP, BURLING-
TON COUNTY, ET AL, DEFENDANTS-APPELLANTS, AND
DOVER TOWNSHIP FIRE COMMISSIONERS, DEFENDANT-
INTERVENOR-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 12, 1981—Decided January 30, 1981.

566

Before Judges BISCHOFF, MILMED and FRANCIS.

*Ronald C. Morgan* argued the cause for appellants Board of Fire Commissioners, Fire District No. 1, Moorestown Township (*Parker, McCay & Criscuolo*, attorneys; *Ronald C. Morgan* on the brief).

*Laurence A. Hecker* argued the cause for intervenor appellants Dover Township Fire Commissioners and for *Amicus Curiae* New Jersey State Association of Fire Districts.

*Mary Anne Polk O'Meara* argued the cause for respondents Samuel E. Oughton and Jeannetta W. Keyser (*John A. Rank, III*, of counsel and on the brief).

PER CURIAM.

In a decision reported at 168 *N.J.Super.* 434 (Law Div.1979) Judge Haines, sitting in the Law Division of the Superior Court, ruled that:

1. Fire commissioners in fire districts may not create paid positions in volunteer fire companies without the prior authorization of the municipal governing body. *Id.* at 449.

2. The power to create a paid fire department resides only in the governing body of a municipality. *Id.* at 449.

3. Fire prevention subcode officials are municipal officials and their salaries can only be fixed and paid by the municipality and not the fire commissioners. *Id.* at 455.

4. Commissioners of fire districts are not authorized to employ either an attorney or an administrator. *Id.* at 455–456.

5. The Open Public Meetings Act applies to meetings at which the fire commissioners discuss the annual budget and other fire district matters and, while here the initial consideration of the annual budget was undertaken at private meetings held in violation of the Open Public Meetings Act since the budget was adopted at a public meeting which met the requirements of the act it was not adopted in violation of the act. *Id.* at 456–457.

The defendant Board of Fire Commissioners appealed from the judgment entered implementing that opinion, as did the intervenors Dover Township Fire Commissioners. Those appeals were consolidated.

While the appeals were pending in this court awaiting argument, the Legislature, as a direct response to the *Oughton* opinion, adopted Chapter 453 of the Laws of 1979 which amended a number of fire protection laws including those relating to the payment of salaries and expenses by fire districts. We thereafter *sua sponte* remanded the case to the trial court for reconsideration of its determination and judgment in light of the enactment of the statute indicated.

Upon reconsideration Judge Haines filed an opinion reported at 178 *N.J.Super.* 633 (Law Div.1980) (slip opinion dated Sept. 22, 1980) in which he ruled that as a result of the new legislation:

1. "All New Jersey fire districts . . . are now empowered to create paid positions and incur expenses for district operations, subject only to voter approval of budgets. Under the retroac-

tive section of the amending legislation they may pay past, promised salaries and previously incurred expenses, if statutory conditions are met." *Id.* at 640.

2. The position of administrator was not created in compliance with the Open Public Meetings Act prior to Feb. 22, 1980 and cannot be the subject of a retroactive payment of salary, nor the subject of any future payment of salary until the position is properly created and a new budget adopted. *Id.* at 643.

3. The Dover Township mutual services agreement reached pursuant to *N.J.S.A.* 40A:11–10 is valid. *Id.* at 643–644.

4. Fire prevention subcode officials are municipal officials and not fire district officials. The new legislation does not change the original determination on this issue. *Id.* at 644.

5. Paid employees of fire districts fall within the protection of the Civil Service Act whether they are serving a municipal fire department or a fire district. *Id.* at 649.

6. Counsel to the fire district may now be paid retroactively at the discretion of the commissioners. *Id.* at 653.

7. Counsel fees for the plaintiffs and costs incurred in prosecuting this matter shall be paid by the fire commissioners from funds available for that purpose, or else by including the expenses in the budget next to be submitted to the voters. *Id.* at 653.

The passage of Chapter 453 of the Laws of 1979 rendered moot most of the issues generated by the original appeal. We affirm substantially for the reasons expressed by Judge Haines in his opinion dated September 22, 1980 following remand, his rulings on issues 1, 2, 3, 4, 5 and 6 above. However, we specifically refrain from expressing any opinion on whether fire districts may employ fire inspectors in addition to the fire subcode officials appointed by the municipality pursuant to *N.J.S.A.* 52:27D–119 *et seq.* The determination of that issue is not necessary to a resolution of this appeal and we decline to pass upon it at this time preferring to wait until it is presented

in an adversary setting. We disagree with the remaining ruling of Judge Haines ( # 7 above) that a fund in court exists from which plaintiffs' counsel may be paid and expenses of suit may be reimbursed. *R.* 4:42–9(a)(2).

Judge Haines was persuaded that the philosophy expressed by the court in *Sunset Beach Amusement Corp. v. Belk*, 33 *N.J.* 162 (1960) and *Sarner v. Sarner*, 38 *N.J.* 463 (1962) was sufficiently broad to permit him to designate the challenged portion of the budget of the fire district as a fund in court. While it is true that the actions of the plaintiffs did save the taxpayers a substantial sum of money and did trigger the enactment of beneficial legislation, no fund was actually created or brought within the control of the court. Moreover, an analysis of the litigation leads to the conclusion that plaintiffs were actually unsuccessful.

We are aware that an undue financial burden may be imposed upon a taxpayer who by conduct of litigation performs a public service and saves public moneys or protects the public treasury. However, that is a burden which the citizen must bear as part of the dues of membership in a free society.

The Supreme Court has recognized the term "fund in court" as a restrictive and unhappy term. *Sunset Beach Amusement Corp. v. Belk, supra,* at 168. That underscores the limitation on our authority to award counsel fees. Any expansion of that authority must, of necessity, emanate from the Supreme Court by way of amendment to the rule or liberal construction of the rule.

The fact that certain items were eliminated from the proposed budget of the fire district, which budget may or may not have been adopted by the voters had the items remained in the budget, falls short of creating a fund in court or within the control of the court as that term is used in *R.* 4:42–9(a)(2).

One other issue must be mentioned. In the original opinion Judge Haines, relying on *N.J.S.A.* 40A:14–88, held that the salaries of the members of the Board of Commissioners must

be reviewed annually by the governing body of the municipalities in the context of the annual municipal budget. 168 *N.J.Super.* at 453–454. In conformity with the opinion the judgment entered June 19, 1979 provided that the salaries of the members of the Board of Fire Commissioners, Fire District # 1, Moorestown Township "must be submitted to and approved by the Moorestown Township Council prior to the submission of the Fire District budget to the voters."

This issue was not specifically included in the remand and is not mentioned in the subsequent opinion of Judge Haines. Intervenors contend that review of the Commissioners' salaries is only required when the salaries are modified, and not annually. We disagree and affirm the determination of the trial judge on this issue. The plain language of *N.J.S.A.* 40A:14–88 leads to this conclusion and there is nothing in Chapter 453 of the Laws of 1979 which suggests a contrary legislative intent.

So much of the final judgment under review as awards counsel fees and costs to plaintiffs is reversed. The judgment is in all other respects affirmed. Taxed costs are allowed plaintiffs.