NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4294-15T2
 A-4489-15T2

RICHARD GRABOWSKY,

 Plaintiff-Respondent,

v.

TOWNSHIP OF MONTCLAIR,
PLANNING BOARD OF THE
TOWNSHIP OF MONTCLAIR,
FOUNTAIN SQUARE DEVELOPMENT
LLC, and MONTCLAIR KENSINGTON
URBAN RENEWAL, LLC,

 Defendants-Appellants.

________________________________________________________________

 Argued March 16, 2017 – Decided August 10, 2017

 Before Judges Espinosa, Suter and Guadagno.

 On appeal from Superior Court of New Jersey,
 Law Division, Essex County, Docket No. L-4420-
 12.

 Jennifer Borek argued the cause for appellant
 Township of Montclair (Genova Burns, LLC,
 attorneys; Ms. Borek and Angelo J. Genova, of
 counsel; Lawrence Bluestone, on the briefs).

 Arthur M. Neiss argued the cause for appellant
 Planning Board of the Township of Montclair
 (Beattie Padovano, LLC, attorneys; Mr. Neiss,
 of counsel and on the brief).
 Jonathan T. Guldin argued the cause for
 respondent (Clark Guldin, attorneys; Mr.
 Guldin, of counsel and on the brief; Madison
 Brackelmanns, on the brief).

PER CURIAM

 New Jersey follows the "American Rule," which requires

litigants to bear their own litigation costs, regardless of who

prevails. Innes v. Marzano-Lesnevich, 224 N.J. 584, 592 (2016).

Nonetheless, "a prevailing party can recover those fees if they

are expressly provided for by statute, court rule, or contract."

Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 440 (2001). One

of the exceptions to the American Rule established by court rule

is the "fund in court" exception. R. 4:42-9(a)(2). The question

presented by this appeal is whether that exception applies in this

case as a matter of law.

 After plaintiff Richard Grabowsky, a Montclair taxpayer and

owner of numerous commercial properties in Montclair, successfully

challenged an ordinance, the trial court relied upon the fund in

court doctrine to award him $123,225.91 in attorney fees and costs.

We consolidated the appeals of defendants Township of Montclair

and Planning Board of the Township of Montclair (collectively,

Montclair). For the reasons that follow, we conclude the fund in

court exception does not apply here as a matter of law and reverse.

 2 A-4294-15T2
 I.

 Because the underlying facts are set forth in the Supreme

Court's decision, Grabowsky v. Twp. of Montclair, 221 N.J. 536

(2013), we need not repeat them at length here.

 Plaintiff filed a complaint in lieu of prerogative writs

against the Township, challenging the validity of an ordinance

adopted by the Township to permit the construction of an assisted

living facility on a site located next to the Unitarian

Universalist Congregation Church of Montclair (Unitarian Church).

One of the grounds plaintiff advanced for his challenge 1 was that

Mayor Jerry Fried, a member of the Township Council and Planning

Board, and a second member of the Council, Nick Lewis, each had a

disqualifying indirect personal interest in the development

project because of their membership in the Unitarian Church and

because Fried allegedly made a comment at one of the public

hearings "that an assisted living facility would benefit him

because he could admit his mother to the facility." Id. at 543.

Plaintiff argued that because of these conflicts, their

participation violated the Local Government Ethics Law (LGEL),

1
 Plaintiff also alleged the ordinance was "invalid because it
was inconsistent with the Township's Master Plan for
redevelopment, and the procedures followed by the Council in
adopting the amendments to that plan had therefore violated
N.J.S.A. 40A:12A-7 and N.J.S.A. 40:49-2." Grabowsky, supra, 221
N.J. at 544.

 3 A-4294-15T2
N.J.S.A. 40A:9-22.1 to -22.25, and the ethics provision of the

Municipal Land Use Law (MLUL), N.J.S.A. 40:55D-23(b). 221 N.J.

at 552.

 After we affirmed the dismissal of the complaint on the ground

that the two officials did not have a conflict of interest,2 the

Supreme Court reversed, stating:

 [W]e hold that when a church or other
 organization owns property within 200 feet of
 a site that is the subject of a zoning
 application, public officials who currently
 serve in substantive leadership positions in
 the organization, or who will imminently
 assume such positions, are disqualified from
 voting on the application.

 [Id. at 541.]

 The Court remanded the matter to the trial court for limited

discovery on the conflict of interest allegations and for a

determination on the merits. Id. at 562.

 On remand, the trial court granted plaintiff's motion for

partial summary judgment, finding that both Mayor Fried and

Councilman Lewis had leadership roles in the Unitarian Church or

2
 Plaintiff sought a preliminary injunction barring the Township
and Planning Board from considering or approving development
applications for the assisted living facility. Although no party
filed a motion for any form of dispositive relief, the trial court
sua sponte granted summary disposition, and dismissed plaintiff's
complaint with prejudice. The Supreme Court agreed with our
conclusion that the trial court's summary disposition was
procedurally improper under Rule 4:67-1.

 4 A-4294-15T2
were about to assume leadership roles at the Church, and were

therefore disqualified from voting on the ordinance. As a result,

the ordinance was "invalid, unlawful, arbitrary, capricious, null,

void ab initio and of no force and effect."

 The trial court also granted plaintiff's request for

attorney's fees. The trial court applied the fund in court

exception to determine that plaintiff was entitled to attorney's

fees, and awarded a total of $123,225.91 in fees and costs. The

award was stayed pending appeal.

 On appeal, the Township argues the trial court erred in

applying the fund in court doctrine because that exception requires

the creation of an economic benefit to a class beyond the litigant,

and none was created here or identified by plaintiff. The Township

also argues the fund in court doctrine should not apply here

because the Legislature did not create a fee-shifting provision

under either the MLUL or the LGEL. The Township also challenges

the procedure followed by the trial court in awarding fees and the

use of a lodestar in determining the fee award. The Planning

Board challenges the fee award, noting its limited advisory role,

and arguing the trial court failed to set forth findings of the

specific economic benefits achieved. Because we agree that the

trial court erred in applying the "fund in court" exception to

award fees here, we need not address the arguments presented

 5 A-4294-15T2
regarding the method of calculation of those fees or the absence

of fee-shifting provisions in the MLUL and LGEL.

 II.

 We review a trial court's decision regarding the award of

attorneys' fees with deference and will only disturb the trial

court's decision because of a clear abuse of discretion. Packard-

Bamberger & Co., supra, 167 N.J. at 444 (citing Rendine v. Pantzer,

141 N.J. 292, 317 (1995)). Despite the significant discretion

trial courts have in making that decision, "such determinations

are not entitled to any special deference if the judge

'misconceives the applicable law, or misapplies it to the factual

complex.'" Porreca v. City of Millville, 419 N.J. Super. 212, 224

(App. Div. 2011) (quoting Kavanaugh v. Quigley, 63 N.J. Super.

153, 158 (App. Div. 1960)).

 "Because 'sound judicial administration is best advanced if

litigants bear their own counsel fees,' the prevailing party in

litigation generally is not entitled to an award of attorneys'

fees." Henderson v. Camden Cty. Mun. Util. Auth., 176 N.J. 554,

563-64 (2003) (quoting N.J. Dep't of Envtl. Prot. v. Ventron Corp.,

94 N.J. 473, 504 (1983)); see also In re Estate of Lash, 169 N.J.

20, 30 (2001); N. Bergen Rex Transp., Inc. v. Trailer Leasing Co.,

158 N.J. 561, 569 (1999).

 6 A-4294-15T2
 The fund in court exception is established by Rule 4:42-

9(a)(2), which states:

 Out of a fund in court. The court in its
 discretion may make an allowance out of such
 a fund, but no allowance shall be made as to
 issues triable of right by a jury. A fiduciary
 may make payments on account of fees for legal
 services rendered out of a fund entrusted to
 the fiduciary for administration, subject to
 approval and allowance or to disallowance by
 the court upon settlement of the account.

 The name, "fund in court," is somewhat of a misnomer because

there is no requirement that the court have jurisdiction over the

disbursement of the funds in question. See Henderson, supra, 176

N.J. at 564 (citing Silverstein v. Shadow Lawn Sav. & Loan Ass'n,

51 N.J. 30, 45 (1968)); Trimarco v. Trimarco, 396 N.J. Super. 207,

215-16 (App. Div. 2007). Rather, the "fund in court" is created

when a "plaintiff's actions have created, preserved or increased

property to the benefit of a class of which he is a member."

Sarner v. Sarner, 38 N.J. 463, 467 (1962).

 The fund in court exception applies to "situations in which

equitably[,] allowances should be made and can be made consistently

with the policy of the rule that each litigant shall bear his own

costs." Sunset Beach Amusement Co. v. Belk, 33 N.J. 162, 168

(1996). Such a situation exists "when a party litigates a matter

that produces a tangible economic benefit for a class of persons

that did not contribute to the cost of the litigation," making it

 7 A-4294-15T2
"unfair to saddle the full cost" of the litigation upon the

plaintiff. Henderson, supra, 176 N.J. at 564 (citation omitted)

(emphasis added).

 In Porreca, supra, we determined that Rule 4:42-9(a)(2)

required a two-step process:

 First, the court must determine as a matter
 of law whether plaintiff is entitled to seek
 an attorney fee award under the fund in court
 exception as articulated in Henderson. If the
 court determines plaintiff has met the
 threshold, it then has the "discretion" to
 award the amount, if any, it concludes is a
 reasonable fee under the totality of the facts
 of the case.

 [419 N.J. Super. at 228 (emphasis added).]

 We observed further,

 The critical question in considering
 plaintiff's entitlement to request attorney's
 fees under this Rule is whether a fund in court
 was created as a result of his litigation.
 There need not be recovery of a lump sum fund
 of money; it is sufficient if the fund is the
 subject matter of the litigation and is thus
 brought under the control of the court.

 [Ibid. (emphasis added).]

 One of the examples we cited was Trimarco, supra, in which

the plaintiff, a one-sixth shareholder, sued the corporation, two

other shareholders and a former company officer both individually,

alleging wrongful termination, and derivatively on behalf of the

corporation, alleging claims of corporate misconduct under

 8 A-4294-15T2
N.J.S.A. 14A:12-7. 396 N.J. Super. at 211-12. The settlement of

the matter produced an economic benefit for the corporation – an

individual defendant was required to sell the corporation a

contiguous lot that she planned to use to the detriment of the

corporation. Id. at 217. This tangible economic benefit was,

therefore, independent of any relief afforded the plaintiff. Ibid.

 Similarly, although the plaintiff did not receive a money

judgment in Porreca, supra, the result of the litigation led to

significant economic benefits for the City "in the form of

increased revenue, clearly 'creat[ing], protect[ing] or

increas[ing] a fund for the benefit' of the City's taxpayers."

419 N.J. Super. at 229.

 Plaintiff successfully argued before the trial court that his

litigation had served more than his own self-interest and that the

citizens of Montclair benefitted from the litigation because he

established that the amended ordinance was tainted by conflicts

of interests. The trial judge acknowledged there was "insufficient

evidence . . . to determine whether . . . the Township will enjoy

increased tax benefits" when compared to the payments that were

to be made by the developer in lieu of taxes. She did not find

this to be an impediment to an award under the fund in court

exception, stating, "[a] finding of pecuniary benefit is not

necessary to sustain a finding that fees are warranted."

 9 A-4294-15T2
 As we have noted, for the fund in court exception to apply,

there must be a "fund" that was created, preserved, increased or,

at least, the subject of the litigation. Although the trial court

described plaintiff's suit as producing a "tangible conferred

benefit of protecting the integrity of government and fostering

citizen confidence," that cannot be substituted for the

requirement that the suit produce a "tangible economic benefit"

to a class of persons. As to the critical question, "whether a

fund in court was created as a result of his litigation," Porreca,

supra, 419 N.J. Super. at 228, no fund was the subject matter of

the litigation and the plaintiff's suit did not "create[],

preserve[] or increase[] property to the benefit of a class of

which he is a member." See Sarner, supra, 38 N.J. at 467 (emphasis

added). Therefore, plaintiff's lawsuit fails to survive the first

step of the Porreca process; he is not entitled to seek an attorney

fee award under the fund in court exception as a matter of law.

 We note further that the fund in court exception is to be

applied "equitably" when "allowances should be made and can be

made consistently with the policy of the rule that each litigant

shall bear his own costs." Sunset Beach, supra, 33 N.J. at 168

(emphasis added). Because no fund was created by the litigation,

the source for the attorney fee award would be the municipal

coffers. The net effect is that, although there is admittedly

 10 A-4294-15T2
insufficient evidence of any benefit to them in the form of

increased tax revenue, taxpayers would be required to fund

plaintiff's lawsuit. These circumstances do not rise to the level

of a situation where, in equity, the results achieved for the

taxpayers make it "unfair to saddle the full cost" of the

litigation upon the plaintiff, Henderson, supra, 176 N.J. at 564

(quoting Sunset Beach, supra, 33 N.J. at 168), and appropriate to

saddle the taxpayers with those costs.

 There are three purposes underlying the American Rule: "(1)

unrestricted access to the courts for all persons; (2) ensuring

equity by not penalizing persons for exercising their right to

litigate a dispute, even if they should lose; and (3)

administrative convenience." In re Niles Trust, 176 N.J. 282, 294

(2003). An attorney fee award to plaintiff serves none of these

policies but does penalize the municipal taxpayers who derived no

tangible economic benefit from the litigation. Therefore, in

addition to failing to meet the threshold requirement that a fund

be created, preserved, increased or at least the subject of

litigation, the award could not be made "equitably" and

consistently with the principles underlying our policy that

parties should generally bear their own litigation expenses.

 Reversed.

 11 A-4294-15T2