**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3112-15T1

STOCKTON LAND COMPANY, LLC,

    Plaintiff-Respondent,

v.

BUSINESS DEVELOPMENT & MANAGEMENT
CORP., JEFFREY S. WILSON, ARNOLD B.
WILSON, ADRIENNE DODI, DONNA BETAR,
and GREG BETAR,

    Defendants,

and

MERRICK WILSON,

    Defendant-Appellant.

_____

        Submitted December 12, 2017 — Decided July 25, 2018

        Before Judges Carroll and Leone.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Ocean County, Docket No.
        C-000111-14.

        Merrick Wilson, appellant pro se.

        David B. Venino, attorney for respondent.

PER CURIAM

Defendant Merrick Wilson appeals the March 18, 2016 order granting David B. Venino counsel fees for his representation of plaintiff Stockton Land Company, LLC in this partition action concerning Block 1095, Lot 16 in Lakewood Township, New Jersey (the property). We reject Merrick's arguments, but vacate and remand to correct a mathematical error.

                                I.

The following facts are taken from plaintiff's complaint and the trial court orders and oral opinion. In 1925, Abe Wilson acquired title to the property. Wilson died intestate in 1927, and was survived by four children named Michael Wilson, Sarah Lakritz, Gerald Wilson, and Benjamin Wilson. Each of the children received an undivided 25% interest in the property.[1]

Plaintiff acquired title to the undivided 25% interest in the property possessed by Michael by purchasing it in October 2013 from his widow's heirs, Roberta Rosenberg and Ronald Wilson. Plaintiff acquired title to the undivided 25% interest in the property possessed by Sarah by purchasing it in September and October 2013 from her heirs Arlene B. Kruzer, Lillian E. Lakritz, Howard S. Lakritz, and Sheldon R. Lakritz.

---

[1] Because the parties, their predecessors in title, and the attorneys often have the same last names, we refer to them by their first names.

Plaintiff acquired title to two-thirds of the undivided 25% interest in the property owned by Gerald in the following manner. On the death of Gerald's widow, the 25% interest was inherited one-third by each of her two children named Glen I. Niesen and Don D. Wilson, and one-twelfth each by four grandchildren named Gary Niesen, Jay S. Niesen, Sherri Johnson, and Jeff L. Niesen. Glen conveyed his 8.33% interest in the property to plaintiff in January 2014. Gary, Jay, Sherri, and Jeff conveyed their combined 8.33% interests to plaintiff in April 2014. However, Donald conveyed his 8.33% interest to defendant Business Development & Management Corp. (BDM) in January 2008.

Benjamin's 25% interest passed through his widow to their four children, defendants Jeffrey S. Wilson, Arnold B. Wilson, Adrienne Dodi, and Merrick B. Wilson, who each obtained an undivided 6.25% interest in the property.

As a result of all these transactions, plaintiff owned an undivided 66.66% interest in the property while the remaining owners had an undivided 33.33% interest: 8.33% by BDM, and 6.25% each by Jeffrey, Arnold, Adrienne, and Merrick.

In its complaint dated June 6, 2014, plaintiff initiated an action "for the purpose of effecting a fair and equitable partition of the" property. Plaintiff named as defendants all the remaining

owners.[2] "In order to effect partition," plaintiff requested that the property be sold at a public vendue and that the net proceeds be divided among the parties according to their respective interests in the property. Plaintiff also asked "[f]or the awarding of counsel fees pursuant to R. 4:42-9(a)(2)."

Merrick filed a pro se answer and counterclaim. His counterclaim asserted that plaintiff's concealment of material information violated the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 to -20. The trial court dismissed his counterclaim with prejudice on December 5, 2014.

During the litigation, plaintiff acquired the interests in the property of BDM, Jeffrey, and Arnold, totaling 20.83%, giving plaintiff a total undivided interest in the property of 87.5%. Merrick recorded a deed in which Adrienne conveyed to him for $500 her 6.25% interest in the property, giving him the remaining undivided 12.5% interest.

On May 4, 2015, the trial court granted an order for partial summary judgment and for sale of the property. The court found that the property was a 60' by 120', vacant, non-conforming building lot, that it was "of such size and dimension that an

---

[2] Plaintiff also named as defendants Donna Betar and Greg Betar, who held a judgment against Merrick. After Merrick had the Betars' judgment vacated, plaintiff dismissed the Betars from this action.

actual partition of the same cannot be made without great prejudice to the owners thereof," and "that partition of the premises can only be accomplished by sale pursuant to" N.J.S.A. 2A:56-2. The court ordered that the property be sold by the sheriff at a public vendue to the highest bidder, and the proceeds divided among the parties with interests in the property. The court reserved the issue of counsel fees until final disposition.

The property was sold by the sheriff for $117,000. After deducting costs, fees, and commission, the sheriff deposited $111,513.50 into the court's trust fund.

David B. Venino filed a motion for award of counsel fees and distribution of proceeds. He certified he was "the attorney for plaintiff in the [partition] action," and that "[p]laintiff's attorney has expended 89.6 hours in the conduct of this litigation," including 10.2 hours when his father "Richard O. Venino, Jr. appeared on my behalf." David further certified that because "my billing rate to the plaintiff is higher than the lodestar rate for this geographic area, I will use the lodestar rate of $250.00 per hour in calculating the total fee" of $22,400. He certified $956.08 in expenses were or would be expended in the prosecution of the partition action. Thus, he requested $23,356.08 in legal fees and expenses. He certified that "the legal fees and expenses incurred by the plaintiff as set above were directly

related to the prosecution of the within action and are in compliance with RPC 1.5(a)."

On March 10, 2016, opposition was filed by Roberta Rosenberg, Ronald, Arlene, Lillian, Howard, Sheldon, and Glen (the Rosenberg plaintiffs), plaintiffs in a consolidated action Rosenberg et al. v. Stockton Land Co., LLC & Richard Venino, Jr.. They contended that they were induced to sell their combined 58.33% interest in the property to plaintiff based upon misrepresentations by Richard individually and on behalf of plaintiff, and that the purchase price was so far below the fair market value as to be unconscionable. The Rosenberg plaintiffs opposed distribution and the award of counsel fees, including any fees for plaintiff's opposition to Merrick's counterclaim.

Merrick opposed only the award of counsel fees. He alleged Richard was the principal owner of plaintiff, and he and his son operated out of the same office with the same fax number.

On March 18, 2016, the trial court held a hearing, at which David appeared as plaintiff's counsel and Richard appeared in response to the Rosenberg plaintiffs. In its oral opinion, the court indicated Richard was the managing partner and general counsel of plaintiff. Reviewing the submissions on counsel fees, the court found "that $200 is an appropriate [hourly] fee given the geographic area and this area of practice." The court was

"satisfied that 96 hours is the appropriate amount of time spent" and was "reasonable." The court found 90% of the hours "were expended in support of the partition action," versus Merrick's counterclaim. The court calculated that "96 hours" multiplied by $200 was a "$19,200 fee. Ninety percent of that is $17,280 plus the $956 in costs. That's $18,236."[3]

In its March 18, 2016 order, the trial court found "that plaintiff had expended or incurred expenses and legal fees in the conduct and prosecution of the [partition] action for which it is entitled to contribution," "that the aggregate amount expended or incurred by the plaintiff in maintaining this action, including legal fees as detailed in the certification submitted by the plaintiff's attorney in support of this motion, is $18,236.00," and "that there is due to David B. Venino, Esq., as attorney for the plaintiff," $18,236.00 which the court ordered be paid out of the trust fund.

The trial court awarded $200.42 to Merrick for taxes he paid on the property. From the balance in the trust fund, the court ordered that Merrick be paid $11,634.64, representing his 12.5% interest in the property, and that plaintiff be paid $27,150.88,

---

[3] The trial court misapprehended the number of hours as "96 hours," as David certified to only "89.6 hours." 89.6 hours multiplied by $200 is $17,920. Ninety percent of $17,920 is $16,128, which plus $956 in costs would total $17,084.

representing its uncontested 29.17% interest in the property. The court ordered that the remaining $54,291.86, representing plaintiff's 58.33% interest in the property being contested by the Rosenberg plaintiffs, be held by the trust fund until further order of the court. Merrick filed an appeal contesting the trial court's award of counsel fees.

## II.

Rule 4:42-9(a)(2) "permits a court, in its discretion, to award attorney's fees from a fund in court." Porreca v. City of Millville, 419 N.J. Super. 212, 224-25 (App. Div. 2011).

> We view Rule 4:42-9(a)(2) as encompassing, in essence, a two-step process. First, the court must determine as a matter of law whether plaintiff is entitled to seek an attorney fee award under the fund in court exception as articulated in [Henderson v. Camden Cty. Mun. Util. Auth., 176 N.J. 554 (2003)]. If the court determines plaintiff has met the threshold, it then has the "discretion" to award the amount, if any, it concludes is a reasonable fee under the totality of the facts of the case.
>
> [Id. at 227-28 (quoting R. 4:42-9(a)(2)).]

We review the matters of law de novo, and review the ultimate issue of the award fees for a clear abuse of discretion. Id. at 224; see Rendine v. Pantzer, 141 N.J. 292, 317 (1995) ("fee determinations by trial courts will be disturbed only on the rarest

occasions, and then only because of a clear abuse of discretion"). We must hew to our standards of review.

## III.

Merrick argues the trial court erred by awarding counsel fees because New Jersey courts generally hold each litigant responsible for paying his own legal expenses and costs of suit. "In the field of civil litigation, New Jersey courts historically follow the 'American Rule,' which provides that litigants must bear the cost of their own attorneys' fees." Innes v. Marzano-Lesnevich, 224 N.J. 584, 592 (2016). "[O]ur court rules evince New Jersey's strong public policy against shifting counsel fees, and provide, '[n]o fee for legal services shall be allowed in the taxed costs or otherwise, except' in eight enumerated circumstances." Ibid. (citation omitted) (citing R. 4:42-9(a)).

"One exception to that rule is that attorneys' fees may be awarded from a 'fund in court.'" Henderson, 176 N.J. at 564 (quoting R. 4:42-9(a)(2)). Rule 4:42-9(a)(2) provides in pertinent part: "Out of a fund in court. The court in its discretion may make an allowance out of such a fund, but no allowance shall be made as to issues triable of right by a jury."

"'Fund in court' is a term of art that embraces equitable principles." Henderson, 176 N.J. at 564 (citing Sarner v. Sarner, 38 N.J. 463, 468 (1962), and Sunset Beach Amusement Co. v. Belk,

33 N.J. 162, 168 (1960)). "The 'fund in court' exception generally applies 'when it would be unfair to saddle the full cost upon the litigant for the reason that the litigant is doing more than merely advancing his own interests.'" Porreca, 419 N.J. Super. at 225 (quoting Henderson, 176 N.J. at 554). "Accordingly, 'when litigants through court intercession create, protect or increase a fund for the benefit of a class of which they are members, in good conscience the cost of the proceedings should be visited in proper proportion upon all such assets.'" Ibid. (quoting Sarner, 38 N.J. at 469). "This exception is generally invoked when the litigation 'produces a tangible economic benefit for a class of persons that did not contribute to the cost of the litigation.'" Ibid. (quoting Henderson, 176 N.J. at 564).

We have ruled that a partition action which results in funds paid into court for distribution to persons with an interest in the property creates a "fund in court" from which counsel fees may be awarded. Baird v. Moore, 50 N.J. Super. 156, 176 (App. Div. 1958). In Baird, the plaintiff brought an action for the partition of a property held as tenants in common with an estate. Id. at 160-61. We upheld "the power of the trial court to have awarded counsel fees out of the proceeds of the sale of the property." Id. at 176. We rejected the argument that there was no "fund in court" within the meaning of R.R. 4:55-7(b), the predecessor to

Rule 4:42-9(a)(2). Ibid. (citing Katz v. Farber, 4 N.J. 333, 344 (1950)). Similarly, where the "[p]laintiffs sued to partition a tract of commercial real estate in which they owned a 1/12 interest," the Chancery Court found "no question of the jurisdiction of this court to award counsel fees and disbursements to the plaintiffs" out of the sale proceeds. Lipin v. Ziff, 53 N.J. Super. 443, 445 (Ch. Div. 1959). Citing Katz, Baird, and Lipin, Judge (later Justice) Pashman ruled that "[t]here can be no doubt that the proceeds of the partition represent a fund in court within the purview of R.R. 4:55-7(b)." Smith v. Smith, 78 N.J. Super. 28, 35 (Ch. Div. 1963). Accordingly, we rule that the trial court was authorized to award attorney fees to plaintiff under Rule 4:42-9(a)(2).

Merrick argues that plaintiff did not incur legal expenses for the protection, preservation, enhancement, and common benefit of the premises and instead acted in self-interest. To the contrary, plaintiff's partition action resulted in the sale of a small, vacant property whose ownership was divided between many people, making use or sale difficult for almost ninety years. The partition action created a fund from the sale proceeds which could be distributed to the class of owners, including plaintiff and Merrick. As plaintiff purchased the majority interest in the property before it filed the action, partition primarily served

its own interests. Nonetheless, the partition action "redound[ed] to the benefit of others as well," particularly Merrick, so "it would be unfair to saddle the full cost upon" plaintiff, as it "is doing more than merely advancing [it]s own interests." Henderson, 176 N.J. at 564 (quoting Sunset Beach, 33 N.J. at 168).

Therefore, the trial court had the authority to award counsel fees from the fund in court created by the partition action. Moreover, 87.5% of the money used to pay the counsel fees came from plaintiff's share of the partition proceeds, with only 12.5% from Mercer's share, so the splitting of fees was proportional to the benefit received.

IV.

Merrick argues that plaintiff's attorneys cannot recover counsel fees because they were essentially acting in a pro se capacity for their own behalf and benefit. Specifically, Merrick claims that plaintiff was solely owned by Richard, that David as Richard's son may have had an interest in plaintiff, and that David and Richard share the same office and same fax number, even though they claim to be sole practitioners.[4]

---

[4] Merrick also asserts David bid $1000 for the property at the sheriff's sale. Any such bid was unsuccessful, as the property was sold to an independent buyer. It is also irrelevant, as the partition action in fact created a fund in court of over $110,000, and David served as plaintiff's attorney in that partition action.

Merrick cites cases which have "reject[ed] counsel fee awards to attorneys who represent themselves." Segal v. Lynch, 211 N.J. 230, 264 (2012). Those cases note that "'[t]o compensate an attorney for his lost hours would confer on the attorney a special status over that of other litigants who . . . are appearing pro se,'" and would run counter to "preference for encouraging all litigants to engage the services of independent counsel." Id. at 262-63 (quoting Alpert, Goldberg, Butler, Norton & Weiss, PC v. Quinn, 410 N.J. Super. 501, 546 (App. Div. 2009), and citing Kay v. Ehrler, 499 U.S. 432, 437-38 (1991)).

David and Richard were not litigants, and they were not representing themselves. The litigant was plaintiff Stockton Land Company, LLC. David was representing plaintiff, with help from Richard. Even if they shared a law practice, they would still be representing plaintiff, a limited liability company.

A limited liability company is a separate legal entity that "has the capacity to sue and be sued in its own name." N.J.S.A. 42:2C-5; see N.J.S.A. 42:2B-11(b) (1998). "A limited liability company is an entity distinct from its members." N.J.S.A. 42:2C-4(a). One purpose of those statutes was to enable members and managers of LLCs to have the "'limited liability afforded to shareholders and directors of corporations.'" Kuhn v. Tumminelli, 366 N.J. Super. 431, 439 (App. Div. 2004) (citation omitted).

13

An attorney who represents an LLC is not representing himself. "[A]n organization is not comparable to a pro se litigant because the organization is always represented by counsel, whether in-house or pro bono, and thus, there is always an attorney-client relationship." Kay, 499 U.S. at 436 n.7. "[T]he law takes seriously the formal line between a corporation and a natural person, even when the corporation is, in effect, a one-person firm." Nat'l Sec. Counselors v. CIA, 811 F.3d 22, 25, 31 (D.C. Cir. 2016). "Even a lawyer for an organization he founded and runs must fulfill his professional lawyering responsibilities to that organization. He may not merely serve his own preferences, moods, or tastes. He is legally and ethically required to be loyal to client interests, as distinct from his own." Id. at 30.

Thus, an LLC or "a corporation with a legal identity distinct from the attorney who represents it in litigation is eligible to recover attorney's fees," even if its attorney is a founder, owner, head, or in-house counsel. Id. at 25, 29-33. That the attorney's relationship to the organization is not "arms-length" does not "defeat the eligibility of" the organization for counsel fees. Id. at 32; see Bond v. Blum, 317 F.3d 385, 398-400 (4th Cir. 2003) (awarding counsel fees to an LLC represented by one of its members). Thus, the trial court could award counsel fees to plaintiff for its representation by David, aided by Richard.

14                                                    A-3112-15T1

For the same reasons, Merrick cannot show prejudice from the alleged failure of David's certification to state whether he was in-house or outside counsel for plaintiff, or had an ownership interest in plaintiff. See RPC 1.5(a)(6) (requiring such certifications to state "the nature and length of the professional relationship with the client"); see also R. 4:42-9(b). Merrick has shown no basis to ignore the separate legal entity of the LLC.

V.

Merrick argues the trial court should not have awarded counsel fees because Richard concealed material information from the persons who sold their interest in the property to plaintiff.[5] Merrick relies on the allegations in his counterclaim, and in the Rosenberg action. He claims "the Rosenberg [p]laintiffs have set forth prima facie showing based upon undisputed record facts that the transaction was unconscionable, and cannot be enforced." Merrick also asserts plaintiff's request for attorney fees "is not made with clean[] hands as required by [] the Court to grant in equity." However, the trial court dismissed Merrick's

---

[5] The allegedly concealed information included that: water and sewer connections were only 200 feet from the property; a well and septic system could be used on the property; houses 200 feet away had high values; the property was grandfathered from lot-size requirements; a small single family home could have been built on the property; and Don, without revealing he did not own the entire property, received a $60,000 offer for the property in 2008.

counterclaim with prejudice. Moreover, the court had not adjudicated the claims of the Rosenberg plaintiffs at the time of the fee award in the partition action. Therefore, the allegations of misrepresentation had not been substantiated.[6]

Furthermore, the trial court was not required to rule on the Rosenberg plaintiffs' separate action before awarding counsel fees in the partition action. The two actions had different parties and concerned different issues. The Rosenberg plaintiffs' action was brought by persons who sold their interests to plaintiff before the partition action was filed. The partition action was brought against persons who had not sold their interests to plaintiff. Whether Richard concealed information from the persons who previously sold their interests to plaintiff was a separate issue from the partition of the interests of persons who had not sold their interests to plaintiff. The alleged concealment was revealed to the other parties in the partition action by Merrick's answer, and was not alleged to have caused their subsequent sale of their interests to plaintiff or Merrick.

---

[6] Indeed, Merrick's appeal was dismissed as interlocutory, but was reinstated only after the trial court severed the Rosenberg plaintiffs' action. Plaintiff represents the trial court subsequently granted it summary judgment in the Rosenberg plaintiffs' action.

Most importantly, the parties to the partition action, particularly Merrick, benefitted from the partition action as it created a fund in court. Thus, it was not an abuse of discretion to require the parties to the partition action to pay their share of the fees for creating that fund, regardless of whether the Rosenberg plaintiffs could show concealment in their separate action.

## VI.

Merrick argues David's certification failed to apportion attorney fees between the partition action, the response to Merrick's counterclaim, and the response to the distinct lawsuit brought by the Rosenberg plaintiffs. However, the trial court expressly performed that allocation and awarded counsel fees only for the 90% of the hours which "were expended in support of the partition action." Merrick does not show any error on that calculation, or identify anything in the certification indicating David sought fees for any time spent defending the action by the Rosenberg plaintiffs.

We note apportionment is required only for "'independent claims,'" not for claims that "are factually and legally interrelated." Silva v. Autos of Amboy, Inc., 267 N.J. Super. 546, 555 (App. Div. 1993) (quoting and distinguishing 49 Prospect St. Tenants Ass'n v. Sheva Gardens, 227 N.J. Super. 449, 470 (App.

17 <span>A-3112-15T1</span>

Div. 1988)).  In contesting the partition action, Merrick relied heavily on the concealment allegations in his counterclaim and the Rosenberg plaintiffs' action.  Thus, Merrick is in a poor position to critique the trial court's apportionment.  See EnviroFinance Grp., LLC v. Envtl. Barrier Co., 440 N.J. Super. 325, 343-44 (App. Div. 2015).

VII.

Merrick argues that legal fees should not be awarded because the sale price of the property was not representative of its real market value.  Merrick notes he presented to the trial court a proposed contract under which he would sell the property to a buyer for $130,000.  However, the property was not Merrick's to sell, as he owned only a small undivided interest in the property.  The record is silent whether the buyer would have been willing to pay more than $117,000 if he had to purchase numerous small undivided interests in the property from multiple owners.

In any event, this is really a challenge to the partition order itself, which Merrick did not appeal.  The trial court chose to order a public sale, rather than "[a] private sale (infrequently ordered) [which] is accomplished by a contract of sale being submitted for court approval."  William A. Dreier, Paul A. Rowe, & Andrea J. Sullivan, Guidebook to Chancery Practice in New Jersey § II.C (9th ed. 2014).  Accordingly, the proposed contract is

18

irrelevant to the issue of whether counsel fees should have been awarded for the public sale.

Merrick's remaining claims lack sufficient merit to warrant discussion.  R. 2:11-3(e)(1)(E).

### VIII.

As previously noted, the trial court misapprehended the number of hours as "96 hours."  In fact, David certified to only "89.6 hours."  Applying the trial court's methodology, 89.6 hours multiplied by $200 is $17,920.  Ninety percent of $17,920 is $16,128, which plus $956 in costs would total $17,084.  However, the court awarded David $18,236, which was $1152 too much.  This miscalculation also mistakenly reduced by $1152 the balance in the court's trust fund, and thus decreased the dollar amounts paid under the partition to Merrick reflecting his 12.5% share of that balance, paid to plaintiff reflecting its uncontested 29.17% share, and kept in the trust fund representing plaintiff's then-contested 58.33% share.

Accordingly, we vacate the dollar amounts of counsel fees and partition shares contained in the March 18, 2016 order, and remand for entry of an order or an amended order awarding David $17,084 in counsel fees and costs, requiring David to repay $1152 into the trust fund, awarding 12.5% of the $1152 to Merrick, awarding 29.17% of the $1152 to plaintiff, and disposing of the remaining 58.33%

19

of the $1152 based on any further orders of court about the trust fund, with any accrued interest allocated based on the same percentages.

We reject plaintiff's claim that Merrick waived his challenge to the award of counsel fees by not seeking a stay of the trial court's order paying out the fees. A stay is generally unavailable when the harm can "be redressed adequately by monetary damages." Crowe v. De Gioia, 90 N.J. 126, 133 (1982). Moreover, Merrick's acceptance of his share of the partition also did not waive his right to challenge the counsel fees, as those are separate issues.

Vacated in part and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3112-15T1